```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-22130-CIV-LENARD
                              MAGISTRATE JUDGE P. A. WHITE
```

DYRON LEE GILLEY,                :

    Plaintiff,              :

v.                               :         REPORT OF
                                           MAGISTRATE JUDGE
TIMOTHY P. RYAN, ET AL.,         :

    Defendants.
_____   :

## I. Introduction

The plaintiff Dyron Lee Gilley, currently housed at the Metro West Detention Center ("MWDC"), has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983 [DE# 1]. The plaintiff is proceeding *in forma pauperis*. [DE# 4].

This Cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding *in forma pauperis*.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
>     \* \* \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid,

>        the court shall dismiss the case at any time
>        if the court determines that –
>
>                       *   *   *
>
>        (B) the action or appeal –
>
>                       *   *   *
>
>        (i)  is frivolous or malicious;
>
>        (ii) fails to state a claim on which
>        relief may be granted; or
>
>        (iii) seeks monetary relief from a
>        defendant who is immune from such
>        relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," <u>id.</u>, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Twombly applies to §1983 prisoner actions.  See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

The plaintiff names as defendants:

1. Timothy P. Ryan, Director, Miami-Dade Corrections and Rehabilitation Department
2. Captain S. Kronberg, MWDC
3. Debra Graham, Food Services Director, Miami-Dade Corrections and Rehabilitation Department

The plaintiff alleges that the defendants violated his Eighth Amendment rights by failing to provide him with his medically prescribed special diet, and by providing him with spoiled food. He claims that it is a "common practice" that his diet tray does not include prescribed items and that on "numerous occasions" he has received spoiled or soured food, which caused him to become ill on two occasions.

The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 102-03 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173(1976)); see also Campbell v. Sikes, 169 F.3d 1353, 1363 (11 Cir. 1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" McElligott v. Foley, 182 F.3d 1248, 1254 (11 Cir. 1999) (citation omitted).  An Eighth Amendment claim contains both an objective and a subjective component. Taylor v. Adams, 221 F.3d 1254, 1257 (11 Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1543 (11 Cir. 1995). First, a plaintiff must set forth evidence of an objectively serious medical need. Taylor, 221 F.3d at 1258; Adams, 61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to

4

that serious medical need. Farmer, 511 U.S. at 834; McElligott, 182 F.3d at 1254; Campbell, 169 F.3d at 1363. The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).

A serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11 Cir. 1994) (quotation marks and citation omitted). The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. Id. at 835-36. Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. See Estelle, 429 U.S. at 106. The inadvertent or negligent failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.'" Estelle, 429 U.S. at 105-06; Wilson, 501 U.S. at 298.

The Eleventh Circuit has provided guidance concerning the distinction between "deliberate indifference" and "mere negligence." For instance, "an official acts with deliberate indifference when he knows that an inmate is in serious need of

5

medical care, but he fails or refuses to obtain medical treatment for the inmate." Lancaster v. Monroe County, 116 F.3d 1419, 1425 (11 Cir. 1997). Alternatively, "[e]ven where medical care is ultimately provided, a prison official may nonetheless act with deliberate indifference by delaying the treatment of serious medical needs, even for a period of hours, though the reason for the delay and the nature of the medical need is relevant in determining what type of delay is constitutionally intolerable." McElligott, 182 F.3d at 1255. For example, a defendant who delays necessary treatment for non-medical reasons may exhibit deliberate indifference. Hill, 40 F.3d at 1190 n. 26; H.C. by Hewett v. Jarrard, 786 F.2d 1080, 1086 (11 Cir. 1986) (citing Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 704 (11 Cir. 1985)).

Whether a delay in treatment was tolerable "depends on the nature of the medical need and the reason for the delay." Harris v. Coweta County, 21 F.3d 388, 393-94 (11 Cir. 1994); McElligott, 182 F.3d at 1255; see also Adams, 61 F.3d at 1544 ("Some delay . . . may be tolerable depending on the nature of the medical need and the reason for the delay."). For instance, delays of days or even hours in delivering necessary treatment may constitute deliberate indifference in some circumstances. See, e.g., Harris, 21 F.3d at 394; Brown v. Hughes, 894 F.2d 1533, 1538 (11 Cir. 1990). Of course, in these prior cases, the medical condition is so grave, and requires such immediate medical attention, that "[a] few hours' delay in receiving medical care for emergency needs such as broken bones and bleeding cuts may constitute deliberate indifference." Harris, 21 F.3d at 394; see, e.g., Brown, 894 F.2d at 1538 (approximate six-hour delay in medical treatment for "a serious and painful broken foot is sufficient to state a constitutional claim"). "Delayed treatment for injuries that are of a lesser

6

degree . . . may also give rise to constitutional claims." Harris, 21 F.3d at 394.

### 1. Serious Medical Need

For the purpose of this analysis, the Court will assume that the plaintiff has sufficiently alleged that he has serious medical needs.

### 2. Deliberate Indifference

Upon review of the factual allegations in the Complaint, the Undersigned concludes that the plaintiff has failed to state an arguable claim of deliberate indifference against any of the defendants. The plaintiff does not allege sufficient facts to show that Ryan or Kronberg was personally involved in the alleged shortcomings with regard to his medically prescribed diet or the quality of his food. He specifically seeks to hold Ryan and Kronberg responsible for the alleged constitutional violations because they hold supervisory positions. These individuals cannot be liable under a respondeat superior[2] theory, and the absence of allegations that either of these defendants was personally involved or even aware of the plaintiff's dietary needs or quality of his food is not sufficient to state a claim of deliberate indifference that comports with the Twombly standard.

---

[2] Public officials in supervisory positions cannot simply be held vicariously liable for the acts of their subordinates. Robertson v. Sichel, 127 U.S. 507 (1888); Byrd v. Clark, 783 F.2d 1002, 1008 (11 Cir. 1986). Nor can liability be predicated solely upon the doctrine of respondeat superior in a §1983 action. Monell v. Department of Social Services, 436 U.S. 658 (1978); Vineyard v. County of Murray, Georgia, 990 F.2d 1207 (11 Cir. 1993).

Similarly, the plaintiff has failed to allege any facts to show that Graham acted with deliberate indifference or that she was aware of the plaintiff's individual dietary needs or the condition of his food. The plaintiff states that Graham "oversees" all menu requirements but he fails to state that Graham was personally involved in the alleged constitutional violations. It is not even clear whether Graham works at the Miami-Dade Corrections and Rehabilitation Department headquarters, as stated in the "Parties" section of the Complaint or at MWDC, as implied in the body of the Complaint.

In sum, the plaintiff fails to provide any facts to state a claim that any defendant acted with a culpable state of mind, deliberate indifference, with regard to his medical and dietary needs.

### III.  Recommendation

Based on the foregoing, it is recommended that the Complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted, and the case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 13th day of August, 2009.

UNITED STATES MAGISTRATE JUDGE

cc: Dyron Lee Gilley, <u>Pro Se</u>
    No. 090032668
    Metro-West Detention Center
    13850 N.W. 41st Street
    Miami, FL 33178