UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22130-CIV-LENARD/WHITE

**DYRON LEE GILLEY**,

      Plaintiff,

vs.

**TIMOTHY P. RYAN, CAPT. S. KRONBERG, AND DEBRA GRAHAM,**

      Respondents.

_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE (D.E. 6); DISMISSING COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983 (D.E. 1); AND CLOSING CASE

**THIS CAUSE** is before the Court on the Report and Recommendation of Magistrate Judge Patrick A. White ("Report," D.E. 6), issued on August 17, 2009. In his Report, Magistrate Judge White recommends that Plaintiff's Complaint (D.E. 1) be dismissed for failure to state a claim. Plaintiff filed Objections ("Objections," D.E. 9) to Magistrate Judge White's Report on September 2, 2009. Having reviewed the Report, the Objections, and the record, the Court finds as follows.

    **I.**    **Background**

Plaintiff proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging therein that Defendants violated his Eighth Amendment rights by failing to provide him with his medically prescribed special diet, and by providing him with spoiled food. He claims that it is a "common practice" that his diet tray does not include prescribed

items and that on "numerous occasions" he has received spoiled or soured food, which caused him to become ill on two occasions.

Defendant Ryan is the Director of the Miami-Dade Corrections and Rehabilitation Department. Defendant Kronberg is a Captain at the Metro West Detention Center. Defendant Graham is the Food Service Director of the Metro-Dade Corrections and Rehabilitation Department.

## II.     Report and Objections

In his Report, Magistrate Judge White recommends that the Court dismiss the Complaint for failure to state a claim upon which relief can be granted:

> The plaintiff does not allege sufficient facts to show that Ryan or Kronberg was personally involved in the alleged shortcomings with regard to his medically prescribed diet or the quality of his food. He specifically seeks to hold Ryan and Kronberg responsible for the alleged constitutional violations because they hold supervisory positions. These individuals cannot be liable under a respondeat superior theory, and the absence of allegations that either of these defendants was personally involved or even aware of the plaintiff's dietary needs or quality of his
> food is not sufficient to state a claim of deliberate indifference that comports with the [Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)] standard.
>
> Similarly, the plaintiff has failed to allege any facts to show that Graham acted with deliberate indifference or that she was aware of the plaintiff's individual dietary needs or the condition of his food. The plaintiff states that Graham "oversees" all menu requirements but he fails to state that Graham was personally involved in the alleged constitutional violations. It is not even clear whether Graham works at the Miami-Dade Corrections and Rehabilitation Department headquarters, as stated in the "Parties" section of the Complaint or at MWDC, as implied in the body of the Complaint.

(D.E. 6 at 7-8 (footnotes omitted).)

In his Objections, Plaintiff does not allege that Defendants were personally involved in the constitutional violations alleged in his Complaint, but does contend that they were aware of the violations based on the grievances he has filed though the Corrections and Rehabilitations Department's grievance procedures.

### III.   Discussion

Plaintiff's Objections fail.  In Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009), the Supreme Court made it clear that a supervisor's mere knowledge of his subordinate's unconstitutional actions does not amount to the supervisor's violating the Constitution.  That is, "[a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."  Id.  Instead, a plaintiff must demonstrate either that the defendant directly participated in the alleged constitutional deprivation or that there is some other causal connection between the official's acts or omissions and the alleged constitutional deprivation. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003); Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1998) (per curiam).  Plaintiff has failed to demonstrate either direct participation by the Defendants or any other type of causal connection.

Accordingly, and it is hereby **ORDERED AND ADJUDGED** that:

1.      The Report of Magistrate Judge Patrick A. White (D.E. 6), issued on August 17, 2009, is **ADOPTED**.

2.      Plaintiff's Complaint Under the Civil Rights Act, 42 U.S.C. § 1983, filed on

or about July 22, 2009, is **DISMISSED**.

      3.      This case is **CLOSED**.

      4.      All pending motions not otherwise ruled upon are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida this 9th day of September, 2009.

*(signature)*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**